# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. ____1:20-cv-02956____

MICHELLE WOODWARD,

   Plaintiff,

v.

I.Q. DATA INTERNATIONAL, INC.,

   Defendant.

## COMPLAINT

**NOW COMES** Michelle Woodward ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of I. Q. Data International, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and Plaintiff resides in this district.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

1

5. Defendant is a third party debt collection service with its principal place of business located at 21222 30th Drive, Suite 120, Bothell, Washington 98028. Defendant regularly collects upon consumers located within the state of Colorado.

## FACTS SUPPORTING CAUSES OF ACTION

6. On or around July 16, 2020, Plaintiff incurred a debt of approximately $725.00 relating to an apartment lease ("subject debt"). Defendant acquired the rights to collect the defaulted subject debt.

7. On or around September 23, 2020, Defendant began placing collection calls to Plaintiff's cellular telephone number (505) XXX-7065, in an attempt to collect on an alleged subject debt.

8. Plaintiff is and always has been the sole subscriber, owner, possessor, and operator of the cellular telephone number ending in 7065.

9. Upon answering Defendant's call, Plaintiff was informed that defendant was attempting to collect the defaulted subject debt. Plaintiff provided her new address to send any written correspondence, but ended the call when she informed them she was unable to handle the debt at the time.

10. On or around September 23, 2020, Plaintiff returned Defendant's call in good faith to initiate a payment plan agreement. Defendant refused to agree to a plan and told Plaintiff that she has until 4:00 PM on that day to either pay the balance in full, or accrue a 15% daily interest fee.

11. Despite Defendant's false threat, Defendant had no right to add a daily interest rate either by operation of law or by way of the underlying credit contract.

12. Defendant has used numerous phone numbers to place collection calls to Plaintiff's cellular phone number, including but not limited to (505) 273-4711.

13. Upon information and belief, it may have also used other phone numbers to place calls to Plaintiff's cellular phone.

14. Defendant intentionally made false representations and used misleading means to attempt to collect upon the subject debt. These methods only served to worry and confuse Plaintiff in hopes that he would make payment on the subject debt.

15. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenditure of assets.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

17. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

18. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

19. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

20. Defendant used credit reporting to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

21. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its unlawful debt collection practices.

    a.  **Violations of FDCPA § 1692e**

22. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt.

23. Defendant violated §1692e(2) when it falsely represented that Plaintiff would have to pay the debt by 4:00 PM on that date, or she would start to accrue astronomical daily interest of 15%. Despite Defendant's false threat, Defendant had no right to add a daily interest rate either by operation of law or by way of the underlying credit contract.

24. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payment of the subject debt, Defendant led Plaintiff to believe that if she did not pay the full amount by 4:00 PM, that she would accrue interest of 15% a day. Plaintiff pleaded with Defendant to enter a payment plan agreement, and Defendant falsely told Plaintiff that she had no option but to pay the debt in full. Such false representations and deceptive means to collect the subject debt were used to coerce Plaintiff into paying the subject debt. Despite Defendant's false threat, Defendant had no right to add a daily interest rate either by operation of law or by way of the underlying credit contract.

   a. **Violations of FDCPA § 1692f**

25. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously informing Plaintiff that she would have to pay the debt in full, or that she would accrue a daily interest rate of 15%. Plaintiff attempted to enter a fair payment plan agreement, as she was unable to immediately satisfy the subject debt. Defendant refused to make any agreement with Plaintiff. These means employed by Defendant only served to worry and confuse Plaintiff.

26. As an experienced debt collector, Defendant knew or should have known the ramifications of utilizing deceptive and harassing collection activity in effort to collect the subject debt.

27. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

28. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff MICHELLE WOODWARD respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: September 30, 2020                                  Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
/s/ Alexander J. Taylor
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com
ataylor@sulaimanlaw.com